[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10257
Non-Argument Calendar
_____

D.C. Docket No. 5:02-cr-00010-WTM-JEG-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN REESE,
a.k.a. Big Marvin,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(January 5, 2015)

Before ED CARNES, Chief Judge, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

The district court revoked Marvin Reese's supervised release and sentenced him to 46 months imprisonment because it found that he had committed a new felony controlled substance offense, had possessed a controlled substance, and had used a controlled substance. Reese appeals the district court's judgment.

Reese first contends that, during the hearing to revoke his supervised release, his Sixth Amendment rights were violated because the results of the laboratory test confirming that one of the substances in question was illegal drugs were admitted through the testimony of a police officer instead of the lab technician who performed the test. See U.S. Const. Amend. VI; Melendez-Diaz v. Massachusetts, 557 U.S. 305, 311, 129 S.Ct. 2527, 2532 (2009). Because Reese did not raise this claim before the district court, we review it only for plain error. See United States v. Moriarty, 429 F.3d 1012, 1018 (11th Cir. 2005). We will reverse a judgment for plain error only if three elements are met: (1) the district court committed a legal error; (2) that error was plain; and (3) it affected the appellant's substantial rights. United States v. Pielago, 135 F.3d 703, 708 (11th Cir. 1998); see also United States v. Dortch, 696 F.3d 1104, 1112 (11th Cir. 2012) ("For a plain error to have occurred, the error must be one that is obvious and is clear under current law.") (quotation marks omitted). Even when those three elements are met, whether to correct the error remains in our discretion, which we will exercise in favor of correction only if "the error seriously affects the fairness, integrity, or public

reputation of the judicial proceedings."  Pielago, 135 F.3d at 708 (quoting Johnson v. United States, 520 U.S. 461, 467, 117 S.Ct. 1544, 1549 (1997)).

The admission of the lab results without providing Reese an opportunity to confront and cross-examine the lab technician was not plain error, because neither this Court nor the Supreme Court has held that the Sixth Amendment applies in supervised release revocation hearings.  See Dortch, 696 F.3d at 1112 ("An error is not obvious and clear when no Supreme Court decision squarely supports the defendant's argument, other circuits are split regarding the resolution of the defendant's argument, and we have never resolved the issue.") (quotations marks omitted) (alterations omitted).  In fact, it was not error at all:  The Sixth Amendment applies only to "criminal prosecutions," which does not include parole revocation hearings.  See U.S. Const. Amend. VI.; Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600 (1972) ("We begin with the proposition that the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations.").  And not only is it "apparent to this court that Congress equated supervised release revocation with probation revocation," but "courts treat revocations the same whether they involve probation, parole, or supervised release."  See United States v. Frazier, 26 F.3d 110, 113 (11th Cir. 1994).  To top it off, eight other circuits have held that the Sixth Amendment does not apply in

hearings for the revocation of supervised release, probation, or parole.  See Curtis v. Chester, 626 F.3d 540, 544 (10th Cir. 2010); Valdivia v. Schwarzenegger, 599 F.3d 984, 989 (9th Cir. 2010); United States v. Ray, 530 F.3d 666, 668 (8th Cir. 2008); United States v. Kelley, 446 F.3d 688, 691–92 (7th Cir. 2006); United States v. Williams, 443 F.3d 35, 45 (2d Cir. 2006); Ash v. Reilly, 431 F.3d 826, 829–30 (D.C. Cir. 2005); United States v. Rondeau, 430 F.3d 44, 47 (1st Cir. 2005); United States v. Kirby, 418 F.3d 621, 627–28 (6th Cir. 2005).  We make it nine.

Reese also contends that the district court erred in finding that the substances that the police seized on his property were controlled substances, a finding which we review only for clear error.  See United States v. Almand, 992 F.2d 316, 318 (11th Cir. 1993).  There was testimony that the substances were in fact controlled substances.  The district court's finding that they were is not clearly erroneous.

**AFFIRMED.**

4