# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00327-CR

**Timothy Anthony, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. D-1-DC-12-907260, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Timothy Anthony was charged with two counts of felony assault family violence and one count of continuous violence against the family. *See* Tex. Penal Code §§ 22.01(a)(1), (b)(2)(A); 25.11(a), (e). He pleaded guilty to all three offenses and his punishment for each was assessed at five years' imprisonment. The trial court suspended imposition of the sentences and placed Anthony on community supervision for five years in accordance with the terms of his plea agreement.

The State later moved to revoke Anthony's community supervision alleging that he violated the conditions of supervision by, among other things, assaulting his wife, Sandra Horyski.[1]

---

[1] The State's amended motion to revoke also alleged that Anthony failed to report to his supervision officer on three separate dates; changed his residence without permission; failed to pay his supervision fees, becoming delinquent by $180.00; and failed to complete his remaining 35.75 hours of community-service restitution.

At the conclusion of the revocation hearing, the trial court found that Anthony violated the terms and conditions of his community supervision, revoked his community supervision, and sentenced him to five years' imprisonment for each offense with the sentences running concurrently. Anthony filed a motion for new trial alleging that his counsel was ineffective for not calling Horyski as a witness during the revocation proceedings. After a hearing, in which Horyski testified and recanted her prior statements against Anthony, the trial court determined that its prior revocation ruling would stand.

On appeal, Anthony contends that the trial court abused its discretion by allowing Deputy David Patrick Spittler of the Burleson County Sheriff's Office to testify about statements that Horyski made to him during his investigation. Anthony contends that such testimony was hearsay and violated his Sixth Amendment right of confrontation. We will affirm the trial court's judgments revoking Anthony's community supervision.

## BACKGROUND

At the revocation hearing, Anthony and five other witnesses testified, including two community-supervision officers, a victim's assistance coordinator, a registered nurse, and Deputy Spittler.[2] Deputy Spittler testified that he responded to a call about a disturbance at an RV park and that he saw Horyski as she left the restroom of the RV park's laundry facility. He stated that she seemed upset, her face was red around her eyes and nose as if she had been crying, she had swelling to her face, she showed him that her finger was broken, and she had used makeup to cover "an old black eye."

---

[2] We limit our discussion of the facts to those necessary for the resolution of Anthony's appellate issue. *See* Tex. R. App. P. 47.1.

Deputy Spittler also testified, over defense counsel's objections asserting hearsay and violation of the Sixth Amendment right to cross-examination, about certain statements that Horyski made to him, including her fear of her husband Timothy Anthony and her request for protection while she collected her belongings to flee from Anthony to a shelter. Deputy Spittler further testified that Horyski told him she had sustained her injuries during an incident the week before in which

> Mr. Anthony used a closed fist and struck her five to six times on the left side of her face and head. She also advised that she had an inoperable brain aneurysm and Mr. Anthony was aware of the fact that she had this aneurysm and he told her that he could end her life any time he wanted. . . . She also mentioned that during that incident Mr. Anthony pressed the open blade of a pocket knife to her left cheek and told her that if he cut her, that he was going to have to finish her.

As part of his investigation, Deputy Spittler also accessed recordings of jailhouse calls that Anthony made to Horyski. Those recordings were admitted into evidence and played for the court. Deputy Spittler noted that in those recordings, Anthony kept telling Horyski to "go back to the trailer" and "don't talk to that deputy." In the recordings, Anthony also told Horyski that she was making herself "look like a victim" by staying at a battered women's shelter, that he would be kept in jail as long as she stayed there, and that she needed to tell the magistrate that he "didn't do anything" and this was a "big misunderstanding."

Krista Anderson, a registered nurse who saw Horyski in a hospital emergency room, testified that Horyski complained of "being struck in the head and still having a headache[, h]er face feeling numb and problems with her vision." Anderson also testified that Horyski told her how she sustained those injuries, saying "a week prior to coming in, that her husband had hit her with a closed fist in the head." Hospital records containing Horyski's statements about her injuries were admitted

3

into evidence after defense counsel affirmatively stated that he had "no objection" to them. The records include an entry that Horyski

> [s]tates that 6 days ago she was assaulted by her husband. Reports she was hit with a closed fist on the left side of her face and with the 'butt of a knife' on the top of her head. . . . She reports that she has had persistent pain in the left side of her face and left ear, and the feeling in the left side of her head like 'carbonation.'

At the conclusion of the hearing on the motion to revoke, the trial court found that Anthony violated the terms and conditions of his community supervision, revoked his community supervision, and rendered judgments with the aforementioned sentences. Anthony filed a motion for new trial that was heard and denied. This appeal followed.

**DISCUSSION**

Anthony contends that the trial court allowed hearsay evidence and violated his Sixth Amendment right of confrontation by overruling his objection to Deputy Spittler's testimony. *See* U.S. Const. amend. VI (providing that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him"). We review a trial court's ruling on the admission of evidence under an abuse-of-discretion standard. *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018). We uphold the trial court's ruling unless it is outside the zone of reasonable disagreement. *Id*. Error in the admission of evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling. *Coble v. State*, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010); *Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010) (concluding that any error in admission of evidence was harmless in

4

light of "very similar" evidence admitted without objection); *Benitez v. State*, No. 05-13-00199-CR, 2014 Tex. App. LEXIS 7651, at *16 (Tex. App.—Dallas July 15, 2014, pet. ref'd) (not designated for publication) (concluding that any error in admission of evidence is rendered harmless when "substantially the same evidence" is admitted elsewhere without objection).

Initially, we note that—aside from his challenge to the assault—Anthony raises no challenge to the other violations that were the bases for revocation of his community supervision. Proof by a preponderance of evidence of a single violation of a condition of community supervision is sufficient to support revocation. *Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013); *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Figueroa v. State*, No. 03-16-00805-CR, 2017 Tex. App. LEXIS 6109, at *7 (Tex. App.—Austin June 29, 2017, no pet.) (mem. op., not designated for publication). Thus, we could affirm the trial court's judgments revoking Anthony's community supervision based on its findings as to the other "noncriminal act violations" that Anthony has not challenged on appeal.

But even if Anthony had challenged all the violations of his community supervision, we could not conclude that he has demonstrated harm from the ruling on the complained-of testimony entitling him to reversal on appeal. *See* Tex. R. App. P. 44.2(b). One reason is that Anderson's testimony about what Horyski told her in the emergency room provided substantially the same evidence of Anthony's assault as the testimony that Anthony sought to exclude from Deputy Spittler. *See Coble*, 330 S.W.3d at 282; *Estrada*, 313 S.W.3d at 302 n.29; *Benitez*, 2014 Tex. App. LEXIS 7651, at *16; *Loya v. State*, No. 05-11-00845-CR, 2012 Tex. App. LEXIS 8640, at *19 (Tex. App.—Dallas Oct. 16, 2012, no pet.) (mem. op., not designated for publication) (noting that even

5

if victim's statement to forensic interviewer was inadmissible because interviewer was not proper outcry witness, admission of that statement was harmless where evidence of victim's statements that defendant assaulted her was admitted without objection during testimony from nurse and through sexual assault forensic examination form). Horyski's statements to Anderson are exceptions to the hearsay rule as statements made for the purpose of medical diagnosis or treatment. *See* Tex. R. Evid. 803(4) (providing exception to hearsay rule, regardless of whether declarant is available as witness, for statement that is made for—and reasonably pertinent to—medical diagnosis or treatment and that describes medical history, past or present symptoms or sensations, their inception, or their general cause).

Further, we note that the right to confrontation has been held inapplicable to hearings for the revocation of probation, supervised release, or parole because they are not a stage or phase of "criminal prosecution" under the Sixth Amendment. *See, e.g.*, *United States v. Reese*, 775 F.3d 1327, 1329 (11th Cir. 2015) (collecting cases from eight other circuit courts); *Pickins v. State*, No. 02-17-00050-CR, 2018 Tex. App. LEXIS 5528, at *9-10 (Tex. App.—Fort Worth July 19, 2018, no pet.) (mem. op., not designated for publication); *Roberts v. State*, No. 05-16-00338-CR, 2017 Tex. App. LEXIS 589, at *7 (Tex. App.—Dallas Jan. 24, 2017, pet. dism'd) (mem. op., not designated for publication); *see also* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.").

Accordingly, we conclude that any error in admitting Deputy Spittler's testimony about Horyski's statements to him was harmless, and we overrule Anthony's complaint about its admission. *See* Tex. R. App. P. 44.2(b).

**CONCLUSION**

We affirm the trial court's judgments revoking Anthony's community supervision.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Triana and Smith

Affirmed

Filed:   February 15, 2019

Do Not Publish