[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14331
Non-Argument Calendar
_____

D.C. Docket No. 1:05-cr-00206-TM-B-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEONARD EDWARD WESTRY, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(June 19, 2019)

Before MARTIN, NEWSOM and FAY, Circuit Judges.

PER CURIAM:

Leonard Edward Westry, Jr., appeals the revocation of his term of supervised release and resulting 13-month sentence of imprisonment.  We affirm.

## I. BACKGROUND

In 2006, Westry pled guilty to conspiracy to possess with intent to distribute morphine, oxycodone, hydrocodone, hydromorphone, methadone, and crack cocaine, in violation of 21 U.S.C. § 846.  The district court imposed a sentence of 180 months of imprisonment to be followed by 10 years of supervised release.  The court imposed the standard conditions of supervised release and added two other conditions: (1) that Westry not possess a gun or dangerous weapon, and (2) that he participate in a drug-treatment-and-testing program as directed by the probation office.  The district court subsequently lowered Westry's sentence to 143 months and then to 102 months based on two retroactive amendments to the Sentencing Guidelines, pursuant to 18 U.S.C. § 3582(c)(2).

Westry's period of supervised release began on March 19, 2013.  In July 2014, the probation office petitioned the district court to revoke Westry's supervised release, based on various violations of the conditions of his supervised release.  After Westry admitted to the violations, the court sentenced him to 12 months of imprisonment to be followed by 108 months of supervised release.  The court included the same conditions originally imposed to the supervised release, including that Westry participate in a program of testing and treatment for drug

2

and/or alcohol abuse; the court also added that Westry was required to participate in a mental health evaluation and comply with any recommended treatment.

Westry's second term of supervised release began on July 22, 2015. In a January 2017 report, the probation office noted that Westry had tested positive for marijuana and admitted to using marijuana; as a result, he was placed in more intensive drug screening. In a subsequent January 2018 report, the probation office noted that Westry again had admitted to using marijuana, and he was admitted to a facility to complete a treatment assessment.

On August 9, 2018, the probation office petitioned the district court to revoke Westry's supervised release, listing four violations to the conditions of his release: (1) changing residences without notifying the probation officer at least ten days before the change; (2) lying to his probation officer about where he was living; (3) missing 11 group drug-treatment classes between January 15, 2018, and August 6, 2018; and (4) failing to report to the probation office for drug screening seven times between March 19, 2018, and August 2, 2018. A warrant was issued for Westry's arrest. He was arrested on October 2, 2018; the following day, a magistrate judge held an initial hearing and Westry waived his right to a preliminary hearing.

The probation officer filed an amended petition on October 10. The amended petition added an additional violation of a standard condition, based on

3

Westry's October 2 admissions to his probation officer that he had smoked two marijuana "blunts" the night before and drank several beers earlier that morning. On October 11, Westry filed a notice indicating his waiver of his right to a revocation hearing and admitting "to the violations set forth in the Petition approved by the Court on _____," leaving the entry for the date of the petition blank. The district court held the revocation hearing the same day.

The district court began the hearing by noting that Westry had waived his right to have a hearing; Westry, through counsel, confirmed that he had. Westry's counsel stated that the violations were serious and stemmed from drug use, noting that Westry had admitted such drug use to the probation officer. He said that he had not committed any new crimes but "[o]bviously he [had] used drugs." He spoke of how Westry had been working in a group home and had left, but that he would be welcomed back if he got the chance. Accordingly, he requested that the court order Westry to cooperate with the probation officer and for the probation office to place him in an intensive drug-treatment program. In a personal statement to the district court, Westry said that he "wasn't trying to argue with the probation officer or whatever they had to say. It's true."

The district court stated that Westry had admitted to the violations of failing to notify his probation officer of a change of address, failing to truthfully answer questions from the probation officer, failing to participate in a drug-treatment

4

program, and failing to submit to periodic urine tests.  Based on these violations, the district court calculated a guideline range of 13 months.  The probation officer then asked whether the district court had received the amended petition that contained an additional allegation of drug use.  The court and Westry indicated that they had not received it, and government counsel produced the amended petition. Westry, through counsel, stated that he was aware of the allegation in the amended petition because it had come up in the initial hearing.  He argued that the admission of drug use "in some ways mitigates not being truthful to the probation officer."

The district court noted that Westry had admitted to the violations and stated that "when [Westry] violate[d] the condition about drug usage, continued drug use, [he] create[d] a couple . . . concerns" for the court.  One concern was the condition to not further violate the law, which Westry should have understood would be enforced.  It also stated its concern that the drug trade is not safe for anyone, and using drugs presents risks to the public and the user.  It noted that Westry had had other problems while on supervision and that his probation officers were unimpressed by his efforts.  The court expressed concern for Westry's well-being and future; he had previously had his supervised release revoked for violating the law, and yet he had "continued to do the same thing."

"[B]ased on [Westry's] admissions, that [he had] violated the conditions of [his] . . . supervised release," and in consideration of the factors set forth in 18

U.S.C. § 3553(a), the district court imposed a 13-month sentence of imprisonment to be followed by 35 months of supervised release.  The court then asked Westry whether he had any objections; through counsel, he stated that he did not have any "legal objections" to the sentence but argued that a 13-month sentence was longer than necessary.  The district court further explained that the 13-month sentence would give Westry time to realize his mistakes and that Westry had been given many opportunities during supervised release and had not responded positively to them.  The final judgment reflected that Westry was adjudicated guilty of five violations, including the drug-use violation as alleged in the amended petition.

## II. DISCUSSION

### A. Revocation of Supervised Release

On appeal, Westry argues that the revocation was improper because he never admitted to the allegation of drug use contained in the amended petition, and the district court never held a hearing on that allegation, as required by Federal Rule of Criminal Procedure 32.1(b)(2).  A district court's revocation of supervised release is generally reviewed under an abuse of discretion standard.  *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994).  However, we review for plain error challenges to the revocation of supervised release that were not raised in the district court.  *United States v. Reese*, 775 F.3d 1327, 1328-29 (11th Cir. 2015).

6

"We will reverse a judgment for plain error only if three elements are met: (1) the district court committed a legal error; (2) that error was plain; and (3) it affected the appellant's substantial rights." *Id.* at 1329. "Even when those three elements are met, whether to correct the error remains in our discretion, which we will exercise in favor of correction only if the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (quotation marks omitted). Where the explicit language of a statute or rule does not directly resolve an issue, there can be no plain error without binding precedent resolving the issue. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). A plain error affects substantial rights if it affected the outcome of the disposition. *United States v. Madden*, 733 F.3d 1314, 1323 (11th Cir. 2013).

A district court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). If a defendant on supervised release "refuses to comply with drug testing imposed as a condition of supervised release . . . the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment." *Id.* § 3583(g)(3). We have upheld the revocation of a defendant's supervised release where the government did not prove two violations of the conditions of supervised release but the defendant admitted to a violation of a different condition. *United States v. Vandergrift*, 754 F.3d 1303,

1307 (11th Cir. 2014); *see also United States v. Brown*, 656 F.2d 1204, 1207 (5th Cir. Unit A Sept. 1981) (explaining that, where there is an adequate basis to revoke supervised release, it is unnecessary to decide whether there was possible harm in consideration of other possibly unsubstantiated grounds for revocation).

Federal Rule of Criminal Procedure 32.1 provides: "Unless waived by the [defendant], the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." Fed. R. Crim. P. 32.1(b)(2). The defendant is entitled to written notice of the alleged violation, disclosure of the evidence, an opportunity to present evidence and question adverse witnesses, notice of his right to counsel, and an opportunity to make a statement in mitigation. *Id.*

Here, the district court had sufficient grounds to revoke Westry's supervised release and did not plainly err by doing so.[1] Westry admitted to at least four of the alleged violations of the conditions of his supervised release, and his admission of failing to comply with the drug-testing condition alone was enough to require the district court to revoke his term of supervised release. 18 U.S.C. § 3583(g)(3). Thus, even if Westry did not admit to the new allegation in the amended petition or waive his right to a hearing on that allegation, there was no plain error by the

---

[1] Because Westry failed to raise his current arguments before the district court, plain-error review applies. *Reese*, 775 F.3d at 1329.

8

district court in revoking his supervised release. *See Vandergrift*, 754 F.3d at 1307.

## B. Sentence

Westry also argues that his sentence was procedurally unreasonable because the district court did not adequately explain the sentence and relied on the unproven drug-use allegation in crafting the sentence.[2]  Usually, we review a sentence imposed on revocation of supervised release for reasonableness.  *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006).  However, where a defendant does not object to the procedural reasonableness during the district court proceedings, we review for plain error.  *Vandergrift*, 754 F.3d at 1307.

We are precluded "from reviewing an issue raised on appeal if it has been waived through the doctrine of invited error."  *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009) (emphasis omitted).  "The doctrine of invited error is implicated when a party induces or invites the district court into making an error."  *United States v. Stone*, 139 F.3d 822, 838 (11th Cir. 1998).  We have applied the doctrine of invited error where the party affirmatively requested or

---

[2] While Westry mentions substantive reasonableness in the statement of the issue, he fails to provide facts, law, or arguments as to substantive reasonableness.  Accordingly, he has abandoned any argument as to the substantive reasonableness of his sentence.  *See United States v. King*, 751 F.3d 1268, 1277 (11th Cir. 2014) (recognizing that issues not raised in an appellant's initial brief are deemed abandoned, and we will not address them); *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) ("[A] party seeking to raise a claim or issue on appeal must plainly and prominently so indicate.  Otherwise, the issue . . . will be considered abandoned.").

specifically agreed with the challenged action of the district court.  *See United States v. Silvestri*, 409 F.3d 1311, 1337 (11th Cir. 2005).  The doctrine stands for the general proposition that a defendant should not benefit from taking a course of action in the district court and then complain when that strategy fails.  *United States v. Jernigan*, 341 F.3d 1273, 1290 (11th Cir. 2003).

A district court may commit procedural error by, among other things, "selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  In sentencing a defendant, the district court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).

First, the record belies Westry's claim that the district court did not adequately explain the sentence.  The court discussed its concerns about Westry's law breaking, his failure to take seriously the conditions of supervised release, the opportunities that he had squandered during supervised release, and how imprisonment grants time for reflection and growth.

Further, Westry invited any error the district court may have committed in considering the drug-use allegation by admitting to drug use and arguing that his admission of drug use to the probation officer should be seen as mitigating his

earlier untruthful statements to his probation officer.  Because he invited any error as to this issue, we will not consider it.

**AFFIRMED.**