[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12101

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SANQUEZ DEONTRA QUEZ BIVENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:14-cr-00432-WKW-KFP-4

_____

Before ROSENBAUM, JILL PRYOR, and BLACK, Circuit Judges.

PER CURIAM:

Sanquez Deontra Quez Bivens appeals the district court's order revoking his supervised release and imposing a 24-month sentence. Bivens contends he was denied due process because the district court failed to conduct the proper balancing test under *United States v. Frazier*, 26 F.3d 110 (11th Cir. 1994), before admitting purported hearsay evidence during his revocation hearing. After review, we affirm the district court.

A defendant's supervised release may be revoked if the district court finds by a preponderance of the evidence "the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). The Sixth Amendment does not apply in hearings for the revocation of supervised release, probation, or parole. *United States v. Reese*, 775 F.3d 1327, 1329 (11th Cir. 2015). Similarly, the Federal Rules of Evidence do not apply in supervised release revocation hearings. *Frazier*, 26 F.3d at 114. "Although the Federal Rules of Evidence do not apply in supervised release revocation hearings, the admissibility of hearsay is not automatic. Defendants involved in revocation proceedings are entitled to certain minimal due process requirements." *Id.* (citing *Morrissey v. Brewer*, 408 U.S. 471 (1972) (involving parole revocation) and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (involving probation revocation)). Among these minimal requirements is the right to confront and cross-examine adverse witnesses, unless the factfinder specifically finds good

cause for not allowing confrontation. *Morrissey*, 408 U.S. at 489. Federal Rule of Criminal Procedure 32.1, "which applies to supervised release revocation, incorporates these same minimal due process requirements." *Frazier*, 26 F.3d at 114. Rule 32.1(b)(2)(C) provides a person is entitled to the opportunity to appear, present evidence, and question any adverse witness, unless the court determines the interest of justice does not require the witness to appear. Fed. R. Crim. P. 32.1(b)(2)(C).

Hearsay is an out-of-court statement made by a declarant that a party offers in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). "[I]n deciding whether or not to admit hearsay testimony, the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Frazier*, 26 F.3d at 114. The hearsay statement must also be reliable. *Id.*

The district court did not abuse its discretion in revoking Bivens' supervised release. *See United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010) (reviewing a district court's revocation of supervised release for abuse of discretion). First, the district court did not abuse its discretion in finding Bivens' and Tatyana Pringle's statements were either not hearsay or met a hearsay exception, and thus, were not subject to the balancing test under *Frazier*. *See United States v. Novaton*, 271 F.3d 968, 1005 (11th Cir. 2001) (reviewing evidentiary decisions only for a clear abuse of discretion). As to Bivens' own statements made on the

recorded jail calls, the court did not abuse its discretion finding his statements were not hearsay, as they were statements made by a party opponent, Bivens never refuted that he was the one who initiated the calls, and Probation Officer Marcus Simmons' testimony identified Bivens as the voice on the call.  Fed. R. Evid. 801(d)(2)(A) (providing a statement is not hearsay if the "statement is offered against an opposing party and . . . was made by the party in an individual or representative capacity").

As to Pringle's statements in the recorded jail calls, the court did not abuse its discretion in finding the threats from Bivens to Pringle were meant to prevent her from testifying, and thus, her statements fit squarely under Rule 804(b)(6).   Fed. R. Evid. 804(b)(6) (providing hearsay may be admitted when the statement is being offered against a party that wrongfully caused the declarant's unavailability as a witness, and did so intending that result). The court heard Simmons' testimony regarding the calls, listened to the phone calls, and then later made a finding that Pringle's absence resulted from Bivens' threats.  On appeal, Bivens argues only that it is unclear whether his statements were intended as threats. However, we are bound by the district court's factual finding that Bivens' statements were threats intended to prevent Pringle from testifying. *See United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993) (stating we are bound by the district court's findings of fact unless they are clearly erroneous).  Thus, the district court did not abuse its discretion in finding Pringle's statements were admissible under Rule 804(b)(6) and were, therefore, not hearsay, such that

22-12101                 Opinion of the Court                 5

the *Frazier* balancing test was not required. *See Frazier*, 26 F.3d at 114.

Further, as to Pringle's statements to Simmons on the night of the shooting, the court did not abuse its discretion in finding her statements met the excited utterance exception to Rule 803(2). *See* Fed. R. Evid. 803(2) (providing that, regardless of whether the declarant is available as a witness, an "excited utterance" is admissible as a hearsay exception, as it is "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused"). Simmons testified he received the call from Pringle shortly after the shooting occurred and she seemed excited and angry, as she yelled into the phone. Though Bivens contends on appeal the startling impact of the incident had passed by the time of Pringle's call to Simmons, and Pringle's statements were accusatory and not for the purpose of seeking aid, the court found Simmons' descriptions of that conversation to be credible. Because we are bound by that credibility determination, the district court did not abuse its discretion in finding Pringle's statements met the excited-utterance exception. *See Almand*, 992 F.3d at 318; *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994) (stating credibility is in the province of the factfinder, and we ordinarily will not review a district court's credibility determination).

The district court did not abuse its discretion because the challenged out-of-court statements either were not hearsay or were subject to hearsay exceptions.[1]

**AFFIRMED.**

---

[1] Even assuming the statements were hearsay, the court engaged in the proper balancing test under *Frazier* by weighing Bivens' right to confront and cross-examine witnesses against the Government's assertion of good cause for denying confrontation. *Frazier*, 26 F.3d at 114.