[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13918

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RICHARD DOUGLAS TRAVIS,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:12-cr-00055-LC-1

_____

Before JORDAN, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Richard Travis appeals the District Court for the Northern District of Florida's order revoking his supervised release and imposing a 21-month sentence, arguing that the Court failed to conduct the proper balancing test under *United States v. Frazier*, 26 F.3d 110 (11th Cir. 1994), before admitting hearsay evidence during his revocation hearing. While the District Court did err in failing to perform a *Frazier* test, Travis has not shown that this error was harmful. Therefore, we affirm.

## I.

A federal grand jury in the Northern District of Florida indicted Richard Travis on one count of possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Travis initially pleaded not guilty, but later pleaded guilty to the charge. The District Court sentenced him to 96 months' imprisonment followed by three years' supervised release. Travis appealed, and this Court affirmed his sentence. *See United States v. Travis*, 747 F.3d 1312 (11th Cir. 2014) (per curiam). Travis's supervised release term began on August 20, 2021.

In May 2022, United States Probation Officer Elizabeth Lane petitioned for a warrant for Travis, alleging that he had violated six conditions of his supervised release: (1) changing residence without informing the Probation Officer; (2) being unemployed without excuse; (3) failing to attend mental health counseling; (4) committing

criminal mischief and burglary; (5) committing criminal mischief, burglary, and false imprisonment; and (6) committing sexual battery on an underage victim.

At the revocation hearing, Travis, through counsel, admitted the first four violations of his supervised release; he contested violations five and six because those charges were dismissed by the state court. The Government introduced video evidence of police interviewing the alleged minor victim from violation six, as well as social media messages between Travis and the alleged victim, but the Government did not present the victim as a witness. Travis objected to the introduction of the video and the social media conversation on confrontation grounds because he did not have the opportunity to cross-examine the victim.

Travis argued that *United States v. Frazier*, 26 F.3d 110 (11th Cir. 1994), required the District Court to conduct a balancing test to decide if the hearsay evidence should be admitted. The Government argued that the hearsay evidence was reliable because other evidence in the record can corroborate the statement. The Government also stated that they tried to get the victim to testify, but suspected that she did not show up because there was a warrant for her arrest. The District Court overruled Travis's objection without commenting on *Frazier*, conducting a balancing test, or giving any kind of reasoning.

The District Court determined that, in addition to the four violations Travis admitted to, he committed violations five and six. Violation six was a Grade B violation, and when combined with

Travis's criminal history category of VI, the recommended guideline range was 21 to 24 months. The District Court said it had considered the 18 U.S.C. § 3553(a) factors, the applicable guideline recommendations, and all the evidence, statements, and information in the violation report, and that it was sentencing Travis to 21 months' imprisonment. Neither Travis nor the Government objected.

Travis timely appealed, arguing that the District Court violated his due process rights when it admitted hearsay evidence without conducting the balancing test required by *Frazier*. Without that hearsay evidence, according to Travis, his violation would only have been a Grade C violation, with a lower guideline sentence range and a resulting lower sentence.

## II.

We review a district court's revocation of supervised release for abuse of discretion. *Id*. A district court may revoke a term of supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3).

The Federal Rules of Evidence and the Sixth Amendment do not apply in revocation hearings. *Frazier*, 26 F.3d at 114; *see also United States v. Reese*, 775 F.3d 1327, 1329 (11th Cir. 2015). However, hearsay is not automatically admissible, because minimal due process requirements still apply. *Frazier*, 26 F.3d at 114. This includes the right to confront and cross-examine adverse witnesses, unless the factfinder finds good cause for not requiring it. *Id*. A

district court must balance the defendant's right to confrontation against the government's grounds for denying it and must ensure the hearsay statement is reliable. *Id.* In *Frazier*, we held that the district court erred because it "made no finding that the hearsay was reliable, nor did it weigh Frazier's right of confrontation against the Government's reasons for not producing the witness." *Id.*

If hearsay evidence is admitted in violation of due process, though, the defendant must show that the error was harmful. *See id.* This requires showing that the challenged evidence is materially false or unreliable and that it actually served as the basis for the sentence. *United States v. Taylor*, 931 F.2d 842, 847 (11th Cir. 1991).

Here, the District Court erred by admitting the hearsay evidence without conducting an explicit *Frazier* balancing test. *See Frazier*, 26 F.3d at 114. However, Travis has not shown harmful error. He made no such showing before the District Court and has not demonstrated on appeal that the challenged evidence is materially false or unreliable. *See Taylor*, 931 F.2d at 847.

The Government presented significant evidence that Travis violated the terms of his supervised release. It presented Facebook logs of Travis saying, "I'm ready to give you this dick again," implying that he had previously had sex with the alleged victim. The Government corroborated this with testimony that the account belonged to Travis, including his probation officer verifying that the Facebook logs showed a conversation with Travis's ex-girlfriend

6                           Opinion of the Court                    22-13918

and that she recognized the account's profile picture as being Travis.  Therefore, any error was harmless.

**AFFIRMED.**