[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-11577

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

COREY DION GRIFFIN,
a.k.a. Bump 40

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:11-cr-00323-LSC-HNJ-1

_____

Before JILL PRYOR, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Corey Griffin appeals the revocation of his supervised release for violating conditions of release by engaging in drug trafficking of methamphetamine. On appeal, Griffin argues that the government failed to meet its burden of proof and relied on hearsay evidence that did not contain the minimal indicia of reliability necessary to be admissible. After thorough review, we affirm.

We review a district court's revocation of supervised release for abuse of discretion. *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (quotations omitted). "When review is only for abuse of discretion, it means that the district court had a range of choice and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* at 912 (quotations omitted).

A district court may revoke a term of supervised release and impose a term of imprisonment if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). A preponderance of the evidence "simply requires the trier of fact to believe that the

existence of a fact is more probable than its nonexistence." *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004) (quotations omitted).

"The Sixth Amendment applies only to criminal prosecutions, which does not include" supervised release revocations. *United States v. Reese*, 775 F.3d 1327, 1329 (11th Cir. 2015) (quotations omitted). "Although the Federal Rules of Evidence do not apply in supervised release revocation hearings, the admissibility of hearsay is not automatic," and minimal due process requirements still apply to defendants involved in revocation proceedings. *Frazier*, 26 F.3d at 114. A district court must balance the right to confrontation against the government's grounds for denying it and must ensure the hearsay statement is reliable. *Id.* However, a district court's failure to conduct a balancing test under *Frazier* in the face of a hearsay objection is harmless where the properly admitted evidence supports the district court's decision to revoke. *Id.*

Here, the district court did not abuse its discretion in finding by a preponderance of the evidence that Griffin violated the conditions of his supervised release for a second time. The relevant events of this case began in 2012, when Griffin pleaded guilty to conspiracy to distribute and possession with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(B). Griffin was sentenced to 131 months' imprisonment followed by 60 months of supervised release. In April 2019, the district court revoked Griffin's supervised release for engaging in new criminal conduct and sentenced him to 36 months in prison

followed by 60 months of supervised release.  After Griffin began his second term of supervised release, on February 7, 2023, a probation officer moved to revoke Griffin's supervised release once again.  The single alleged violation was that Griffin was ordered not to commit any new offenses but committed a new offense of trafficking methamphetamine, in violation of Ala. Code § 13A-12-231(11), on February 6, 2023.

At the revocation hearing, the government sought to prove that on February 6, Griffin had arrived at a suburban area in Alabama called "the Hill" in order to receive a package of methamphetamine that was in possession of Randy Shane Wright.  Griffin claims that the only evidence of this charge against him was Wright's hearsay statement -- "there he is, there he is, that's who you want, that's him" -- which Wright made to law enforcement about Griffin, who was in another car that had just arrived, immediately after Wright was pulled over.  Wright was found with a package containing methamphetamine addressed to his girlfriend/wife.  Griffin says that the district court improperly considered Wright's statement without appropriately balancing Griffin's right to confrontation against the government's grounds for admitting the statement.  Without anything more, Griffin argues, the district court abused its discretion in finding, by a preponderance of the evidence, that he had violated the conditions of his supervised release by engaging in drug trafficking on February 6.

However, the government offered these key facts in support of its charge at the revocation hearing, none of which are hearsay:

(1) Griffin arrived on the scene nearly simultaneously with Wright, who had driven there with the package; (2) Griffin had exchanged texts with Wright that morning in which Wright had asked if Griffin was still on "the Hill"; (3) the package from Wright was similar in size, shape, weight, origin and destination to another package, both of which, dubbed "sister packages," had been intercepted and were to found to contain methamphetamine; (4) one of the sister packages was addressed to Griffin's grandmother's house; (5) U.S. Postal Inspector John Bailey testified that Griffin had sent an earlier package containing almost $13,000 to California; and (6) Inspector Bailey testified that he found messages on Griffin's Facebook account that were consistent with the sale and delivery of drugs, including information about how and where to meet with clients, the location of law enforcement, and a statement that he had been "messing around with cream," a term that Inspector Bailey noted is street slang for methamphetamine.

All together, this properly-admitted, non-hearsay evidence is more than sufficient to support the district court's finding by a preponderance of the evidence that Griffin violated his supervised release on February 6, 2023 by engaging in drug trafficking. As a result, any error committed by the district court in failing to weigh Griffin's due process rights against the government's interest in introducing the hearsay statements is harmless. *See Frazier*, 26 F.3d at 114. Accordingly, we affirm.

**AFFIRMED.**