[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11462

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DONNIE JOE SINGLETON,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:14-cr-00104-KD-N-1

_____

_____

No. 23-11464

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DONNIE JOE SINGLETON,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:03-cr-00089-KD-C-1

_____

Before ROSENBAUM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Donnie Joe Singleton appeals the district court's revocation of his supervised release and his 24-month split sentence that the district court imposed after revoking his supervised release.

Singleton first argues that the district court erred in considering the results of his polygraph tests and the resulting admissions because his conditions of supervised release allowed only for non-supervisory polygraph tests for the purpose of his mental health treatment. Singleton next argues that the district court plainly erred in finding that he had violated the condition of supervised release limiting his access to the internet. Finally, Singleton asserts that his 24-month split sentence is substantively unreasonable. For the reasons discussed below, we affirm.

**I.**

We review questions of law from a revocation proceeding *de novo*. *United States v. Frazier,* 26 F.3d 110, 112 (11th Cir. 1994). We review the revocation of a defendant's supervised release for an abuse of discretion. *Id.* A district court's findings of fact during a revocation of supervised release hearing "are binding on this [C]ourt unless clearly erroneous." *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993) (quotation marks omitted). "Where the evidence has two possible interpretations, the district court's choice between them cannot be clearly erroneous." *United States v. Foster*, 155 F.3d 1329, 1331 (11th Cir. 1998). But arguments not raised before the district court are reviewed for plain error. *United States v. Moore,* 22 F.4th 1258, 1264 (11th Cir. 2022.

Issues not raised in an appellant's initial brief are deemed abandoned and will not be addressed absent extraordinary circumstances. *United States v. Campbell,* 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*).

A district court may revoke a defendant's supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). The preponderance of the evidence standard "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004) (quotation marks omitted).

We have held that the Sixth Amendment does not apply in hearings for the revocation of supervised release, probation, or parole. *United States v. Reese*, 775 F.3d 1327, 1329 (11th Cir. 2015). We have similarly held that the Federal Rules of Evidence do not apply in supervised release revocation hearings. *Frazier*, 26 F.3d at 114. "Although the Federal Rules of Evidence do not apply in supervised release revocation hearings…[d]efendants involved in revocation proceedings are entitled to certain minimal due process requirements." *Id.* (citing *Morrissey v. Brewer*, 408 U.S. 471 (1972) (involving parole revocation) and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (involving probation revocation)).

In examining the admissibility of polygraph tests at trial under the Federal Rules of Evidence, we have limited such evidence to two situations, namely: (1) where the parties have stipulated to the circumstances of the test and the scope of its admissibility; or (2) to impeach or corroborate witness testimony. *United States v. Piccinonna,* 885 F.2d 1529, 1536 (11th Cir. 1989) (*en banc*). However, in the context of supervised release, we have recognized that a district court may impose polygraph testing as a condition of

supervised release. *United States v. Taylor,* 338 F.3d 1280, 1283-84 (11th Cir. 2003); *United States v. Zinn,* 321 F.3d 1084, 1089-90 (11th Cir. 2003).

In *Zinn*, the district court imposed a special condition of supervised release that ordered Zinn to "participate as directed in a program of mental health treatment including a sexual offender treatment program" and to "abide by the rules, requirements and conditions of the treatment program, including submitting to polygraph testing…to aid in the treatment and supervision process." *Zinn,* 321 F.3d at 1086. We held that the requirement was permissible as polygraph testing to ensure compliance with probationary terms was both reasonably related to Zinn's offense and personal history, and as the tests, when reasonably applied, would not unduly burden his rights. *Id*. at 1090.

In *Taylor*, the district court imposed a special condition of supervised release that ordered Taylor to "participate in a mental health program specializing in sexual offender treatment approved by the probation officer, and abide by the rules, requirements and conditions of the treatment program, including submitting to polygraph testing to aid in the treatment and supervision process." *Taylor,* 338 F.3d at 1283. We held that the condition was permissible as it helped ensure Taylor's compliance with the terms of supervised release and helped ensure that he received the required mental treatment. *Id.* We noted that examinations of this kind help ensure compliance with the conditions of supervised release. *Id.*

n.2 (citing *Owens v. Kelley,* 681 F.2d 1362, 1364, 1369-70 (11th Cir.1982)).

We have "recognized the vital role probation officers fulfill in effectuating the district court's sentence." *Zinn*, 321 F.3d at 1092. We have held that a probation officer is an "arm of the court" and a "liaison between the sentencing court . . . and the defendant." *United States v. Bernardine*, 237 F.3d 1279, 1283 (11th Cir. 2001) (quotation marks omitted). A probation officer is statutorily mandated to perform enumerated duties and any other duty that the court may designate. *Id.*; *see* 18 U.S.C. § 3603(10).

As an initial matter, the government argues on appeal that Singleton's arguments about his post-polygraph statements should be reviewed for plain error as he failed to raise them before the district court. But during his revocation hearing, Singleton objected to both the consideration of the polygraph results and the things leading from it. This was sufficient to preserve his current challenge. Additionally, on appeal Singleton challenges the district court's consideration of his polygraph test results only on the ground that the use of supervisory polygraph testing was not within the scope of his conditions of supervised release. He has not challenged the general admissibility of polygraph results at a revocation hearing nor raised any constitutional challenges arising from the use of the polygraph testing in revoking his supervised release. Accordingly, he has abandoned any such arguments. *Campbell,* 26 F.4th at 873.

Here, we conclude that the district court did not err in considering the polygraph test results and the resulting admissions. Singleton's terms of supervised release mandated that he "shall participate in a program of mental health treatment/sex offender treatment, evaluation, testing, clinical polygraphs and other assessment instruments, as directed by the Probation Office." While less clearly stated than in *Zinn* or *Taylor*, the condition authorizes the probation office to order polygraph testing, as was conducted in this case. Even assuming, *arguendo*, that "clinical polygraphs" were limited to polygraphs used solely for Singleton's mental health, the polygraphs here fall within the catch-all provision of "other assessment instruments." Accordingly, the district court did not err in considering the polygraph test results and Singleton's later admissions as the polygraph tests were authorized by his conditions of supervised release. We thus affirm as to this issue.

## II.

The Sentencing Guidelines provide special conditions of supervised release. U.S.S.G. § 5D1.3(d). The Guidelines recommend a "computer" or "interactive computer service" restriction for a defendant who has committed a sex offense, including coercion and enticement of a minor and receipt and transportation of child pornography, in which the defendant used such items. *Id.* § 5D1.3(d)(7)(B); *id.* § 5D1.2, comment. (n.1(A)(ii)).

We have "uniformly upheld conditions prohibiting defendants convicted of sex offenses from accessing a computer or the Internet for the duration of their supervised release." *United States*

*v. Carpenter*, 803 F.3d 1224, 1239 (11th Cir. 2015). In *Zinn*, we held that a special condition restricting the defendant's internet usage was not overly broad because he could still use the internet for valid purposes by obtaining his probation officer's prior permission. 321 F.3d at 1093. In doing so, we recognized the importance of the internet in society, but noted that "the particular facts of [the] case highlight the concomitant dangers of the Internet and the need to protect both the public and sex offenders themselves from its potential abuses." *Id*. Additionally, in *Taylor*, we concluded that a special condition restricting the defendant's internet usage was "undeniably related" to the § 3553(a) factors, especially considering that the defendant "used the internet as a tool" in the underlying offense. 338 F.3d at 1285. We have favorably cited *Zinn* and *Taylor* to uphold computer and internet use restrictions, including life-time restrictions on computer and internet use. *See, e.g.*, *United States v. Bobal*, 981 F.3d 971, 976 (11th Cir. 2020) (applying *Zinn*); *Carpenter*, 803 F.3d at 1239 (applying *Zinn* and *Taylor*).

Because Singleton failed to challenge the district court's interpretation and application of his supervisory conditions before the district court, we review only for plain error. *Moore*, 22 F.4th at 1264.

Here, we conclude that the district court did not plainly err in finding that Singleton had violated his conditions of supervised release by using an online streaming service. Singleton's terms of supervised release stated that he "shall not possess or use a computer with access to any on-line computer service at any location

(including employment) without the permission of the Probation Office."  Despite this, he admitted in a signed affidavit to using a device connected to the internet to stream documentaries containing naked children from an internet based streaming platform, namely Netflix.  This constitutes a clear breach of his supervisory conditions and, to the extent that he argues that such a condition exceeds the permitted scope of supervisory conditions, his arguments are meritless.  *See Zinn*, 321 F.3d at 1093.  We thus affirm as to this issue.

## III.

The substantive reasonableness of a sentence imposed upon the revocation of supervised release is normally reviewed under the deferential abuse-of-discretion standard.  *United States v. Trailer,* 827 F.3d 933, 935 (11th Cir. 2016).  A defendant may preserve an objection to the substantive reasonableness of a sentence by advocating for a shorter sentence before the district court, thereby arguing that a shorter sentence would have been sufficient, and a longer sentence greater than necessary, to comply with statutory purposes of punishment.  *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 767 (2020).

We will vacate the sentence "if, but only if, [it we are] left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotation marks

omitted).  We may not "set aside a sentence merely because [it] would have decided that another one is more appropriate," because the district court's sentence need only be "a reasonable one." *Id.* at 1191.  The party challenging the sentence bears the burden of showing it to be unreasonable in light of the record and the § 3553(a) factors. *United States v. Langston*, 590 F.3d 1226, 1236 (11th Cir. 2009).

The district court must issue a sentence "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a)(2).  18 U.S.C. § 3553(a).  These purposes include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct.  *Id.* § 3553(a)(2).  Additional considerations include the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, the need to avoid unwarranted sentence disparities among similarly situated defendants, and the pertinent policy statements of the Sentencing Commission. *Id.* § 3553(a)(1)-(7).  The weight due each § 3553(a) factor lies within the district court's sound discretion, and we will not substitute its judgment for that of the district court.  *United States v. Joseph*, 978 F.3d 1251, 1266 (11th Cir. 2020).  However, a district court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Kuhlman,* 711 F.3d 1321, 1326-27 (11th Cir. 2013).  Nevertheless, a

district court may reasonably attach great weight to a single factor. *Id.* at 1327. We have "upheld large upward deviations based solely on an offender's extensive criminal history." *United States v. Osorio-Moreno,* 814 F.3d 1282, 1288 (11th Cir. 2016).

Here, we conclude that the district court's 24-month split sentence is substantively reasonable. On appeal, Singleton argues that the district court placed too much weight on his prior criminal history, inflating his sentence beyond what was reasonable given his violations. However, a district court may reasonably attach great weight to a single factor and we have upheld large upward deviations based solely on an offender's extensive criminal history. *Kuhlman*, 711 F.3d at 1327; *Osorio-Moreno,* 814 F.3d at 1288. In this case, Singleton's extensive criminal history involved the abuse of children and various child pornography offenses, one of which he committed while on supervised release. Despite this, less than two months after being released from custody Singleton again violated his conditions of supervised release, establishing a residence within 2,000 feet of a daycare and accessing the internet. Given this, we conclude that the district court did not commit a "clear error of judgment in weighing the § 3553(a) factors" by imposing a 24-month split sentence. *Irey*, 612 F.3d at 1190. Accordingly, we affirm in this respect as well.

## IV.

For all these reasons, we affirm the district court's revocation of Singleton's supervised release and the 24-month split

sentence imposed by the district court after the revocation of Singleton's supervised release.

**AFFIRMED.**