

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00116-CR
_____

DURRELL WARE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 23F1197-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Durrell Ware pled guilty to family-violence assault by occlusion, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B). The trial court sentenced Ware to ten years' incarceration but deferred adjudication of his guilt and placed him on five years' community supervision. Later, the State filed a motion to proceed with adjudication of Ware's guilt, alleging that he violated the terms and conditions of his community supervision by, among other things, "compromis[ing]" his required global positioning system (GPS) monitoring device and failing to report as required to his community supervision officer. Ware pled not true to the State's allegations, and the trial court held a hearing on the State's motion. Thereafter, the trial court revoked Ware's community supervision, adjudicated his guilt, and sentenced him to ten years' imprisonment.

In two issues on appeal, Ware claims that the trial court (1) denied his due process right to confront the police officer who made allegations against him and instead allowed his community supervision officer to testify to the allegation used to revoke his deferred adjudication community supervision, and (2) abused its discretion when it denied Ware's request for a continuance. We conclude that even if Ware's due process right to confront the witness was violated, he suffered no harm because revocation was supported by Ware's admission to removing the GPS device and failure to report. We find that Ware did not preserve any complaint regarding his motion for continuance. We affirm the judgment of the trial court.

## I.    The Alleged Violations

In its live pleading, the State alleged that Ware violated nine conditions of his community supervision. At a hearing on the State's motion to revoke Ware's deferred adjudication, the State abandoned all but two of its allegations of violated conditions, numbers five and seven, to which Ware pled not true.

In allegation number five, the State alleged that Ware violated the term of his community supervision that required him to "wear a GPS and pay any and all fees, for a period of time to be determined by the Court." The State alleged that "[o]n November 9, 2023, at approximately 9:21am the GPS Surveillance Data Center notified CSO [(community supervision officer)] that the strap securing the GPS to [Ware] was compromised and in violation."

In allegation number seven, the State alleged that Ware violated the term of his community supervision that required him to "report to the Community Supervision Officer on a monthly basis or as otherwise directed by the Supervision Officer in charge of the case." The State alleged that Ware "failed to report as directed [on] November 9, 2023, and for the month of December 2023."

## II.    The Revocation Hearing

Scott Roberts, Ware's CSO, testified that Ware was equipped with a GPS monitoring device as a requirement of his community supervision. Roberts said that he received notice that the device had been tampered with on November 9, 2023. Roberts stated, "Officer Price with the [Texarkana, Texas, Police Department] located the device, [and] brought it into my office."

3

Ware objected to that information as hearsay and on Confrontation Clause[1] grounds, and the trial court overruled Ware's objections.

Roberts testified that after the GPS monitor was found and he received it, he matched the serial numbers and determined the device was assigned to Ware. Roberts stated that he then called Ware and "instructed him to report" later that day, November 9, 2023. But Ware did not report.

On cross-examination, Roberts confirmed that he called Ware at 8:39 a.m. on the morning of November 9 and told Ware to report at 11:00 a.m. that morning. Roberts said he called Ware because he had received notification that Ware "was in violation of the distance restriction for [Ware's] wife's residence."

Next, Ware testified. He admitted that he removed the GPS device. Ware said that his wife had contacted him crying because she and their children needed money to get a hotel. He said that he "had been paying for their motels this whole time, because she wasn't allowed at her mom's house." However, Ware stated that his wife was at her mother's house, so he drove by and threw a sack containing $240.00 near his wife's mother's mailbox, which was a quarter-mile from the house. Ware testified that he did not stop, he did not contact his wife, and he did not call her.

Ware testified that he got a call from Roberts the next morning. He said he panicked because it was his "first felony," his "first time on probation," and he thought he "did the right thing," that "any other father would do the same as far as getting the money for their children."

---

[1] *See* U.S. CONST. amend. VI.

4

Ware agreed that it was not his intent to violate the trial court's order and that he did not deliberately disobey the judge. Ware said that he was not trying to harm anyone and he did not "want [his] children sleeping inside of a car." Ware admitted that Roberts told him to report on November 9, but Ware said he panicked and "knew that [he] probably was in trouble."

At the end of the hearing, the trial court announced,

> All right. Mr. Ware, . . . I put GPS on individuals that are charged with harming ladies . . . for a very specific reason, and tampering with that and taking it off is inexcusable. It's a violation of the terms and conditions of probation that I gave you. And because you violated it, I'm going to revoke your probation. . . . I'm going to sentence you to ten years[ in the Texas Department of Corrections].

### III. Standard of Review

We review a trial court's determination on a community supervision revocation for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).

Likewise, "[w]e review a trial court's decision to admit or exclude evidence for an abuse of discretion." *Bluntson v. State*, 728 S.W.3d 87, 108 (Tex. Crim. App. 2025), *cert. denied*, 2026 WL 795116 (U.S. Mar. 23, 2026) (No. 25-6476). "An abuse of discretion does not occur unless the trial court acts 'arbitrarily or unreasonably' or 'without reference to any guiding rules and principles.'" *Id.* (quoting *State v. Lerma*, 629 S.W.3d 63, 68 (Tex. Crim. App. 2021)). "We must uphold the trial court's ruling unless the determination 'falls outside the zone of reasonable disagreement.'" *Id.* (quoting *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016)).

Finally, also relevant here, a trial court's decision on a motion for continuance is reviewed for an abuse of discretion. *Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006); *Lowrey v. State*, 469 S.W.3d 318, 327 (Tex. App.—Texarkana 2015, pet. ref'd).

**IV.    Ware Was Not Harmed By the Admission of Roberts's testimony**

In his first issue, Ware contends that the trial court denied his due process right to confront Officer Price by allowing Roberts to testify about Price's electronic monitoring and physical retrieval of Ware's GPS device.  Assuming without deciding that it was a Confrontation Clause violation, we find that any harm was cured by Ware admitting to removing the GPS device and further admitting that he did not report to his community supervision officer when requested.

**A.    Applicable Law**

"The Confrontation Clause of the Sixth Amendment provides that '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him. . . .'" *Woodall v. State*, 336 S.W.3d 634, 641 (Tex. Crim. App. 2011) (quoting U.S. CONST. amend. VI).  "Consistent with the Confrontation Clause guarantee, a testimonial hearsay statement may be admitted in evidence against a defendant 'only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine.'" *De La Paz v. State,* 273 S.W.3d 671, 680 (Tex. Crim. App. 2008) (quoting *Crawford v. Washington*, 541 U.S. 36, 59 (2004)).

We recognize that there exists a split among our sister courts regarding whether the Confrontation Clause applies in the context of revocation proceedings.[2]  The Texas Court of

---

[2]*Compare Hughes v. State*, 651 S.W.3d 461, 468 (Tex. App.—Houston [14th Dist.] 2022), *aff'd on other grounds*, 691 S.W.3d 504 (Tex. Crim. App. 2024) ("[W]e conclude that due process safeguards apply at a community supervision revocation hearing."), *and Perez v. State*, No. 13-14-00300-CR, 2015 WL 4234236, at *3 (Tex. App.—Corpus Christi–Edinburg, July 9, 2015, no pet.) (mem. op., not designated for publication) ("'[S]urrogate testimony' falls squarely in the type of testimony that the United States Supreme Court and Texas Court of Criminal Appeals have expressly disapproved under the Sixth Amendment."), *with Gage v. State*, No. 07-25-00150-CR, 2026 WL

Criminal Appeals has yet to resolve this issue.[3]  Nonetheless, we have previously held that the Confrontation Clause applies to a proceeding adjudicating guilt, reasoning that such a hearing is "a part of the criminal prosecution."  *Cunningham v. State*, 673 S.W.3d 280, 290, 291 (Tex. App.—Texarkana 2023, no pet.).  And "[t]he central issue to be determined in reviewing a trial court's exercise of discretion in a community supervision revocation case is whether the defendant was afforded due process of law."  *Id.* (alteration in original) (quoting *Tapia v. State*, 462 S.W.3d 29, 41 (Tex. Crim. App. 2015)).

The admission of a testimonial, out-of-court statement from a declarant who does not appear at trial violates the Confrontation Clause unless the declarant "was unavailable to testify" at trial and the defendant had "a prior opportunity for cross-examination."  *Davis v. Washington*, 547 U.S. 813, 821 (2006) (quoting *Crawford*, 541 U.S. at 54).

"When a trial court denies a defendant of physical, face-to-face confrontation, the onus is on the court of appeals to review this denial for harmless error."  *Smith v. State*, 726 S.W.3d 466, 473 (Tex. Crim. App. 2025) (citing *Coy v. Iowa*, 487 U.S. 1012, 1021 (1988)).  "[T]he State has

---

130816, at *5 (Tex. App.—Amarillo Jan. 16, 2026, no pet.) (mem. op., not designated for publication) ("This Court's position is in line with the majority of holdings from intermediate appellate courts holding the Confrontation Clause does not apply to revocation proceedings," and collecting cases), *and State v. Navarro*, No. 03-23-00637-CR, 2025 WL 2942231, at *12 (Tex. App.—Austin Oct. 17, 2025, pet filed), *and Guillory v. State*, 652 S.W.3d 923, 928 (Tex. App.—Eastland 2022, pet. ref'd) ("[T]he Confrontation Clause . . . does not apply to community supervision revocation hearings."), *and Olabode v. State*, 575 S.W.3d 878, 881 (Tex. App.—Dallas 2019, pet. ref'd) ("[T]his Court has concluded the right to confrontation under the Sixth Amendment does not apply during revocation proceedings."); *see United States v. Reese*, 775 F.3d 1327, 1329 (11th Cir. 2015) (per curiam) (listing eight federal circuits in addition to itself that "have held that the Sixth Amendment does not apply in hearings for the revocation of a supervised release, probation, or parole").

[3]"As to whether the Confrontation Clause applies in hearings on motions to adjudicate guilt, that question will have to wait until another day."  *Hughes*, 691 S.W.3d at 520–21; *see Montgomery v. State*, Nos. 02-21-00002-CR & 02-21-00003-CR, 2022 WL 5240472, at *1 (Tex. App.—Fort Worth Oct. 6, 2022, pet. granted) (mem. op., not designated for publication).

the burden of proving that the trial court's error was harmless," *id.* at 474, but the State is "not required to file a brief." *Id.* (quoting *Spielbauer v. State*, 622 S.W3d 314, 318 (Tex. Crim App. 2021)). "Whichever way you put it, the court must determine whether a constitutional error was or was not harmless," even when the State fails under "its own duty . . . to show that a constitutional error was harmless." *Id.* "Whether or not counsel are helpful, it is still the responsibility of the . . . court, once it concludes there was error, to determine whether the error affected the judgment." *Johnson v. State*, 43 S.W.3d 1, 5 (Tex. Crim. App. 2001) (quoting *O'Neal v. McAninch*, 513 U.S. 432, 437 (1995) (citing R. TRAYNOR, THE RIDDLE OF HARMLESS ERROR 26 (1970)). "[T]he reviewing court 'should calculate as much as possible the probable impact of the error on the jury in light of the existence of other evidence.'" *Wells v. State*, 611 S.W.3d 396, 410 (Tex. Crim. App. 2020) (quoting *Love v. State*, 543 S.W.3d 835, 846 (Tex. Crim. App. 2016)).

### B. Analysis

Ware admitted that he did not report to his community supervision officer when requested after removing his GPS device. Even assuming a Confrontation Clause violation regarding the testimony on Ware's GPS device, any harm or error regarding the testimony was cured by Ware's own admission that he removed the device. Failure to report was an independent basis for revoking Ware's deferred adjudication community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) ("proof of a single violation will support revocation"). Given the admission regarding the independent ground of failing to report,

we find no abuse of discretion in the trial court's decision to revoke Ware's deferred adjudication community supervision.

We overrule Ware's first issue.

## V.    Ware Did Not Preserve Any Complaint Regarding a Continuance

In his second issue, Ware contends that the trial court erred in denying his oral request for continuance.

### A.    Applicable Law

"A criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion." TEX. CODE CRIM. PROC. ANN. art. 29.03. "[A]n unsworn oral motion preserves nothing for appeal." *Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012). "Given that the motion in question was oral and unsworn, and because we have held that no 'due process exception' exists to the written-and-sworn requirement, we conclude that this issue was not properly preserved for appeal." *Id.*; *see Parker v. State*, 727 S.W.3d 38, 64 (Tex. Crim. App. 2025), *cert. denied*, 2026 WL 1377167 (U.S. May 18, 2026) (No. 25-7025).

### B.    Analysis

Ware asserted via an oral motion that he had an unnamed witness bearing on whether he had violated the condition of his deferred adjudication community supervision, prohibiting contact with the victim of the underlying offense. The oral motion did not demonstrate diligence in discovering the witness, nor did it set forth, except in vague terms, the facts expected to be

9

proved by the witness. The State elected to proceed on other revocation grounds. In any event, the motion was oral, and unsworn.

We overrule Ware's second issue.

## VI.    Conclusion

We affirm the trial court's judgment.


Jeff Rambin
Justice

Date Submitted:     February 12, 2026
Date Decided:       June 9, 2026

Do Not Publish